IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-05-0449 |
| | § | |
| HARRISON BENNETT | § | (Civil Action No. H-08-2706) |

### MEMORANDUM AND ORDER

Pending before the Court is a motion filed by the defendant, Harrison Bennett, to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. (Doc. # 53). The Court has carefully reviewed all pertinent matters in this criminal case. Based upon this review, the Court's clear recollection of the relevant proceedings, and application of governing legal authorities, the Court **denies** the defendant's motion and **dismisses** the corresponding civil action (No. H-08-2706) for reasons set forth below.

### I.   BACKGROUND

On November 28, 2005, a federal grand jury returned an indictment against Bennett, charging him with unlawful possession of a firearm after having been convicted of three or more violent felonies (count one). Bennett was also charged with making a false statement to a licensed dealer in connection with his acquisition of a firearm (count two). On March 24, 2006, Bennett agreed to plead guilty to count two of the indictment pursuant to the terms of a written plea agreement. In that written plea agreement, Bennett admitted that he made false statements to a licensed firearms dealer by stating that he had not been convicted of a felony. (Doc. # 20, *Plea Agreement*, ¶ 14). In fact, Bennett had at least five prior felony

convictions, three of which were for violent crimes. (*Id.*).

To aid in determining Bennett's sentence, the Court directed the Probation Office to prepare a presentence report ("PSR") under the United States Sentencing Guidelines. According to the PSR, Bennett's base offense level score was 24 under the relevant Guideline provision for making a false statement in connection with the acquisition of a firearm. That total was reduced by 3 levels to 21 based on Bennett's acceptance of responsibility. Bennett's lengthy criminal record yielded a score of 13, placing him in Criminal History Category VI. As a result, Bennett faced a sentence of 77-96 months in prison. In a judgment entered on August 21, 2006, the Court sentenced Bennett at the lowest end of the applicable Guidelines range to serve 77 months of imprisonment followed by two years of supervised release. (Doc. # 39). Bennett did not pursue a direct appeal.

Bennett now claims that he is entitled to relief from his sentence under 28 U.S.C. § 2255 because of an amendment to the Sentencing Guidelines that became effective on November 1, 2007, more than a year after his sentence was imposed. According to Bennett, this amendment "clarified" § 4A1.2(c) of the United States Sentencing Guidelines by providing that misdemeanor or petty offenses will count against a defendant's criminal history only if there is a sentence of probation of greater than one year. Bennett notes that his criminal history score was increased by 1 point for a 2004 misdemeanor conviction for illegal dumping that resulted in a sentence of only 8 days in jail. Bennett claims that this misdemeanor conviction raised his Criminal History Category from level V to level VI. In Criminal History Category V, Bennett would have faced a range of imprisonment from 70-87

months. Assuming that this Court would have imposed a sentence of 70 months in prison, Bennett argues that he is entitled to a 7-month reduction in sentence as a result of Amendment 709. Bennett is mistaken for reasons discussed further below.

## II.   DISCUSSION

The record reflects that Bennett, who pleaded guilty pursuant to a written plea agreement, waived his right to appeal or to file a § 2255 motion. (Doc. # 20). He does not challenge the validity of his guilty plea or any waiver found in the plea agreement. Because Bennett invokes a recent amendment to the United States Sentencing Guidelines, the Court construes his motion as one seeking to modify his term of imprisonment based on an amendment to the Sentencing Guidelines. Accordingly, Bennett's motion is governed by 18 U.S.C. § 3582(c)(2), and not 28 U.S.C. § 2255.[1]

"Whether to reduce a sentence based on a subsequent change in the [S]entencing [G]uidelines rests with the sound discretion of the district court and the proper mechanism for reviewing such a claim is a motion brought under 18 U.S.C. § 3582(c)(2)." *United States v. Posada-Rios*, 158 F.3d 832, 880 (5th Cir. 1998). Under 18 U.S.C. § 3582(c)(2), a court "may not" modify a term of imprisonment once it has been imposed except in the following circumstance:

> . . . in the case of a defendant who has been sentenced to a term of

---

[1]   Notably, a district court's technical application of the Sentencing Guidelines is not cognizable under 28 U.S.C. § 2255. *See Kinder v. Purdy*, 222 F.3d 209, 211 (5th Cir. 2000), *cert. denied*, 531 U.S. 1132 (2001); *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999); *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998); *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

> imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, **if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission**.

(emphasis added). The Sentencing Commission has promulgated policy statements regarding a court's consideration of a motion under 18 U.S.C. § 3582(c)(2) at § 1B1.10 of the United States Sentencing Guidelines. *See United States v. Mueller*, 168 F.3d 186, 189 (5th Cir. 1999). "The sentencing court is required to consider these policy statements when addressing a defendant's motion to reduce sentence." *Id.* (citing *United States v. Townsend*, 55 F.3d 168, 171-72 (5th Cir. 1995)).

According to the Sentencing Commission's policy statement, a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2) only if the amendment is listed in § 1B1.10(c) of the Guidelines. *See* U.S. SENTENCING GUIDELINES MANUAL § 1B1.10(a) (2001). The amendment referenced by Bennett, Amendment 709, modified § 4A1.2 of the Sentencing Guidelines, which relates to the computation of a defendant's criminal history score. Amendment 709 is not listed in § 1B1.10(c) of the Guidelines and is not retroactive. *See United States v. Wood*, 526 F.3d 82, 88 (3d Cir. 2008) (refusing to apply Amendment 709 retroactively); *United States v. Peters*, 524 F.3d 905, 907 (8th Cir. 2008) holding that Amendment 709 is not retroactive); *United States v. Godin*, 522 F.3d 133, 134-35 (1st Cir. 2008) (same); *see also United States v. Marler*, 527 F.3d 874, 878 n.1 (9th Cir. 2008) (explaining that Amendment 709 is not a simple clarification, but effects

a substantive change that does not apply retroactively) (citations omitted). It follows that a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) is not consistent with the relevant policy statement and is not authorized in this instance. *See id.* at § 1B1.10(a).

### III.  CONCLUSION AND ORDER

Bennett has not demonstrated that he is entitled to relief under an amendment that has been made retroactive under the Guidelines. Therefore, based on the foregoing, the Court **ORDERS** as follows:

1. The defendant's motion to modify his sentence (Doc. # 53) is **DENIED**.
2. The corresponding civil action (H-08-2706), which was opened for administrative purposes under 28 U.S.C. § 2255, is **DISMISSED** without prejudice as improvidently filed.

The Clerk's Office will provide a copy of this order to the parties and will file a copy in the corresponding civil action (H-08-2706).

SIGNED at Houston, Texas on October 20th , 2008.

_____
Nancy F. Atlas
United States District Judge